IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 55-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KELLY DANIEL ROBINSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned upon a Violation Report (#15) filed in the above entitled cause on August 30, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Mary Ellen Coleman, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

The Defendant was charged in a bill of indictment (#1) filed on August 6, 2013 with three counts of knowingly removing archeological resources from public lands in violation of 16 U.S.C. § 470ee(a) and 470ee(d) and one count of committing a depredation upon property of the United States in violation of 18 U.S.C. § 1361. A hearing was held in regard to the detention of Defendant on August 13, 2013. On that date, the undersigned entered an order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances, defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On August 28, 2013, U.S. Probation Officer Tamara Styles made a visit to the home of Defendant to conduct a home assessment. At that time Defendant submitted to a random drug screen which tested positive for use of a controlled substance. Defendant admitted that he had taken Percocet on August 26, 2013 and August 27, 2013 for back pain. Defendant stated that a friend had provided the medication to him. Defendant further admitted that he did not have a prescription

for Percocet.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)   finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a state crime while on release. Defendant possessed Percocet so he could consume that substance. The possession of Percocet without a valid prescription is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or

combination of conditions of release will assure that Defendant will not pose a danger to the safety of any other person or the community. There has further been shown by clear and convincing evidence that Defendant violated the condition of release which required he not use or possess a controlled substance for which he did not have a prescription. Defendant admitted that he did not have a prescription for the controlled substance Percocet at the time he possessed and used such substance.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears that at this time that no condition or combination of conditions of release will assure that Defendant would not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely at the present time, that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

Having made such determination, the undersigned is also aware that Defendant has no previous criminal record. Continued detention until trial would

not be in the best interest of Defendant because of Defendant's ongoing treatment for a mental health condition. As a result, the undersigned will order that Defendant be detained, but will set a further hearing for Defendant for September 16, 2013 at 10:35 a.m. and will then reconsider the issue of detention of Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be placed in custody of the United States Marshal. The undersigned will further enter an order setting a detention hearing for Defendant for **September 16, 2013 at 10:35 a.m**. to determine whether or not at that time to consider the release of Defendant on terms and conditions of pretrial release.

Signed: September 4, 2013

Dennis L. Howell
United States Magistrate Judge